Know all men by these presents, that I, Peter Dubois, of the county of Bladen, and Province of North Carolina, planter, have constituted, ordained and made, and in my place and stead put, and by these presents do constitute, ordain and make, and in my place and stead put my beloved friend, Mr. Vincent Aymette, planter, of the same province and county of Craven, to be my true, sufficient and lawful attorney, for me and in my name and stead and to my use, to ask, demand, levy, recover and receive of and from all and every person and persons whomsoever the same shall or may concern, all and singular sum and sums of money, debts, goods, wares, merchandise, effects and things whatsoever, and wheresoever they shall and may be found due, owing, payable, belonging and coming unto me the constituent, by any ways or means whatsoever, nothing excepted; giving and granting unto my said attorney my whole strength, power and authority in and about the premises; and to (15) take and use all due means, cause and process in the law for the recovering of the same; and of recoveries and receipts thereof, in my name to make, seal and execute, due acquittances *Page 17 
and discharges; and for the premises to appear and the person of me the constituent to represent before any governor, judges, justices, officers, and ministers of the law whatsoever, relating to the premises, with full power to make and substitute one or more attorneys under him my said attorney, and the same again at pleasure to revoke, and generally to say, do, act, transact, determine, accomplish and finish all matters and things whatsoever, relating to the premises, as fully, amply, and effectually, to all intents and purposes, as I, the said constituent, myself should, ought or might do personally, although the matter should require more special authority than is herein comprised; I the said constituent ratifying, allowing and holding firm and valid all and whatsoever my said attorney or his substitute shall lawfully do or cause to be done in and about the premises, by virtue of these presents. In witness whereof, I have hereunto set my hand and seal, the fifth day of April, Anno Domini one thousand seven hundred and sixty-four, in the fifth year of his Majesty's reign. PETER DUBOIS. (SEAL.)
Signed, sealed and delivered in the presence of
 PETER AYMETTE, his VINCENT X AYMETTE. mark.
October Inferior Court, 1765. Present, his Majesty's Justices. Then was the within power of attorney proved in open court by the oath of Vincent Aymette, evidence thereto, and ordered to be registered.
Teste, PETER CONWAY, C. I. C.
The deed from Aymette to Samuel Hill was in the following words:
This indenture, made this 22 February, 1769, between Vincent Aymette, Sr., being attorney of Peter Dubois, authorized thereto by an instrument bearing date 5 April, 1764, both principal and attorney of Craven County and Province of North Carolina, planter, of the one part, and Samuel Hill, millwright, of the county and Province aforesaid, of the other part: Witnesseth, that the said Vincent Aymette, for and in consideration of the sum of six pounds, five shillings, proclamation money, to him in hand paid by the said Samuel Hill, before the sealing and delivery hereof, well and truly paid, the receipt whereof the said Vincent Aymette doth acknowledge, and hereof doth acquit and discharge the said Samuel Hill, his heirs, executors, administrators, and every of them, by these presents, *Page 18 
hath granted, bargained and sold, and by these presents doth fully and absolutely grant, bargain and sell and confirm (16) unto the said Samuel Hill, and his heirs and assigns, a certain tract or parcel of land, situate and being in Craven County and Province aforesaid, on the west side of Crooked Run, beginning at Michael Shufus' causeway, running thence south 70 degrees west 160 poles to a pine; thence south 20 east 640 poles to a black gum; thence north 20 east 160 poles; thence north 20 west 640 poles to the first station, as by patent granted to Peter Dubois in 1738, reference being had thereto, may more fully appear: To have and to hold, the aforesaid 640 acres of land, and every part or parcel thereof, unto the said Samuel Hill, his heirs and assigns forever, to their only proper use and behoof. Further, the said Vincent Aymette, so far as he is authorized by the power of attorney before mentioned, shall at any time, at the request and the proper charge of the aforesaid Samuel Hill, do any other act or assurance that may be requisite in law for the more fully transferring the fee-simple right of the premises aforementioned unto the aforesaid Samuel Hill, his heirs, executors or assigns; and the said Vincent Aymette doth warrant and defend the aforesaid premises from his heirs and every other person, so far as the letter of attorney before mentioned shall authorize him thereto, forever. In witness whereof, the said Vincent Aymette hath hereunto set his hand and seal. VINCENT AYMETTE. (SEAL.)
Signed, sealed and delivered in presence of
PETER AYMETTE and VINCENT AYMETTE, JR.
STATE OF NORTH CAROLINA, November Term, 1806. JONES COUNTY COURT.
Then was the within deed proved in open court by the oath of Samuel McDaniel, Sr., who swore that he was well acquainted with the handwriting of Peter Aymette, one of the subscribing witnesses to the said deed, and that the name of said Peter Aymette thereunto subscribed as a witness is in his own proper handwriting, and that the said Peter Aymette, and also Vincent Aymette, the other subscribing witness, and Vincent Aymette the grantor, are all dead, and that possession of the lands thereby conveyed had gone with such conveyance; whereupon it was ordered that the said deed should be recorded.
WILL. ORME, C. C.
Registered in the register's office of Jones County, in Book G, No. 7, and page 92. JAMES BRYAN, Register. *Page 19 
The case admits that the lessors of the plaintiff have had seven years' possession of the lands in dispute, under Vincent Aymette's deed; that this deed was executed, as it states upon its face, in consequence of a power of attorney given to Aymette by Peter Dubois. It is insisted that, although it is so stated in the deed, yet upon inspecting the power of attorney, it appears that no authority is thereby given to sell and convey lands; that as Aymette admits in the deed that he had no right to the lands himself, and claimed only an authority to sell and convey as aforesaid, his deed to Hill did not amount even to color of title. It is true that Aymette was not authorized to sell the lands by Dubois' power of attorney; and if the question depended upon "who had the title at the time of the conveyance," there could be no doubt. But the lessors of the plaintiff have been in possession for the space of seven years, since that time, under Aymette's deed, and no good reason appears to the Court why that deed should not be considered a color of title. Whenever a deed is executed which afterwards is considered as forming only a color of title, the party executing it must be considered as not having a complete title to the land which he by his deed purports to convey; it is a common thing for a person who sells land to allege that he has a title to it by descent, or in some other way, or, as in the present case, (19) that he is empowered to sell it under an authority given to him by the true owner. It is not probable that the purchaser would doubt the truth of this allegation more in the one case than in the other; and in either case, when such purchaser remains in possession for the space of seven years, he ought to be protected. Aymette's deed is of itself sufficient color of title, and its validity, in that respect, should not be affected by any contradiction that exists between it and the power of attorney executed by Dubois. The lessors of the plaintiff stand upon as meritorious ground as if Aymette had sold the lands in question to Hill as his own. Let the rule for a new trial be discharged.
Cited: McConnell v. McConnell, 64 N.C. 344; Ellington v. Ellington,103 N.C. 58; Smith v. Allen, 112 N.C. 225. *Page 20